By the Court.
The plaintiff in error was indicted and
convicted under section 6908 of the Revised Statutes upon the charge of resisting a supervisor of a road district while the latter was, under the provisions of section 4715, attempting to enter upon certain uncultivated lands of the accused, near a public highway, for the purpose of obtaining gravel to repair the same.
That resistance to a supervisor of roads while in the execution of his office is an offense within the provisions of section 6908 of the Revised Statutes, was decided in Woodworth v. The State, 26 Ohio St. 196.
The ground, however, upon which a reversal of the conviction of the accused is asked, is that the section of the Revised Statutes (4715) under w’hich the supervisor claimed the right to enter upon his lands, makes no provision for the assessment of his compensation by a jury, as required by section 19 of the bill of rights, and is therefore void. This we think is the fact and that the accused must be discharged. It is true that under this section of the bill of rights, property may be taken for the repair .of a public highway without first making compensation in damages, as in other cases; but this is the only difference; the owner is, after his property has been so taken, entitled to have his compensation assessed by a jury. Lamb v. Lane, 4 Ohio St. 167; and, as said in that case, the constitution does not in this regard execute itself.
We fail to find any provision in the statutes by which the *210 owner of property taken under section 4715 of the Revised Statutes, can have his compensation assessed by a jury. It is not found in sections 4744 and 4745. These sections only provide a mode by which he may be paid such sum as may be allowed to him by the township trustees, and, where the amount exceeds the sum of $25, by the latter in connection with the county commissioners. No appeal is given from the decision of the trustees or commissioners to a court in which the owner may have his compensation assessed by a jury. The provisions of section 896, Revised Statutes, giving an appeal from the commissioners, is not applicable to this case. Provision is made in sections 1483 and 1484 whereby material may, in conformity to the constitution, be condemned for the repair of roads; but no such condemnation had been made in this case.
Judgments reversed, and accused discharged.